# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

SUSAN SUSZKA,

        Plaintiff,

v.                                                           Case No. 08-CV-929

CAPITAL COLLECTIONS, LLC.,

        Defendant.

_____

## ORDER

On October 30, 2008, plaintiff Susan Suszka ("Suszka") filed a complaint against defendant Capital Collections, LLC. ("Capital"), alleging Capital made false or misleading representations in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e. A summons was returned executed by Suszka indicating Capital was served on December 4, 2008. (Docket #5). Accordingly, Capital's responsive pleading was due on December 24, 2008. *See* Fed. R. Civ. 12(a)(1)(A)(I). To date, Capital has not filed any responsive pleading or otherwise appeared in this case. The clerk of the court entered Capital's default on January 9, 2009.

On March 3, 2009, Suszka filed a notice and motion for default judgment. (Docket #7). Capital was served with Suszka's motion by mail on March 3, 2009. Since then, Capital has not responded to Suszka's motion. Under Fed. R. Civ. P. 55(b)(2), the court may enter a default judgment when a party against whom affirmative relief is sought fails to plead or otherwise defend. The decision to enter

default judgment lies within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (citation omitted). Upon entry of default by the clerk, the court takes all well-pleaded allegations in plaintiffs' complaint relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995).

Based on the allegations in Suszka's complaint, the court finds that Capital violated the FDCPA by making false and misleading representations. Specifically, Suszka's allegations establish the following violations: (1) that Capital unlawfully represented or implied the nonpayment of debt would result in arrest or imprisonment, in violation of 15 U.S.C. § 1692e(4); (2) that Capital threatened to take action that cannot be legally taken or that it did not intend to take, in violation of 15 U.S.C. § 1692e(5); (3) that Capital falsely represented or implied that Suszka committed a crime or other conduct in order to disgrace her, in violation of 15 U.S.C. § 1692e(7); and (4) that Capital failed to disclose in its initial communication with Suszka that Capital was attempting to collect a debt and that any information obtained would be used for that purpose, in violation of 15 U.S.C. § 1692e(11).

Next, before the court may award damages in a default judgment, plaintiffs must show that they are entitled to such damages. *Graham*, 51 F.3d at 713. Here, Suszka seeks statutory damages, actual damages for her emotional distress, and costs and attorneys' fees. Under the FDCPA, a debt collector who violates any provision under the FDCPA is liable for actual damages sustained by the plaintiff as a result of the violation, additional statutory damages up to $1,000.00 as the court

-2-

may allow, and the plaintiff's costs and reasonable attorneys' fees. 15 U.S.C. § 1692k(a).

In determining whether statutory damages are appropriate in this case, the court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). After considering the frequency and persistence of Capital's email correspondence with Suszka, as well as the fact that Capital improperly threatened legal action and purported to be acting on behalf of law enforcement, the court finds that an award of $1,000.00 in statutory damages is appropriate in this case.

Suszka also seeks attorneys' fees and costs. According to the documentation contained in her motion, Suszka's attorneys' fees total $2,380.00 and her costs for filing the complaint and serving the summons total $405.00. The court finds Suszka's requested attorneys' fees to be reasonable and the court will, therefore, grant Suszka's request for costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3).

Finally, Suszka claims she is entitled to $2,000.00 in actual damages for the emotional distress she experienced as a result of Capital's conduct. In general, a party seeking emotional damages must provide the court with a reasonably detailed explanation of the injuries suffered. *See Denius v. Dunlap*, 330 F.3d 919, 929 (7th Cir. 2003). Mere conclusory allegations that a defendant's actions led to humiliation

or embarrassment are insufficient, "unless the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action." *Id.* at 929-30 (citation omitted); *see Clodfelter v. United Processing, Inc.*, No. 08-CV-2131, 2008 WL 4225557, at *4-5 (C.D. Ill. 2008) (awarding emotional distress damages for debt collector's inherently degrading conduct in violation of the FDCPA).

Here, Suszka asserts that she has suffered personal humiliation, embarrassment, mental anguish and emotional distress due to Capital's multiple email correspondence. According to Suszka, this correspondence falsely claimed that the local police and district attorney's office would prosecute Suszka if she failed to pay Capital, and included a copy of a bogus criminal complaint. Capital never identified itself a debt collector, but requested that Suszka pay Capital up to $1,000.00. While Suszka's claim undoubtedly establishes multiple violations of the FDCPA, the court declines to award actual damages based on emotional distress. Suszka's conclusory allegations of an emotional injury are insufficient to establish damages, and the court does not consider Capital's conduct so inherently degrading that emotional distress may be reasonably inferred.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for default judgment (Docket #7) be and the same is hereby **GRANTED**;

-4-

**IT IS FURTHER ORDERED** that judgment be entered in favor of plaintiff and against defendant in the amount of $3,785.00.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge